### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| LUIS E RIVERA JACQUELINE H RIVERA, | NO. 19-16985 JUDGE: DOYLE |
| DEBTORS | |

## AGREED ORDER CONDITIONING STAY

THIS CAUSE coming to be heard on the Motion For Relief From Automatic Stay or In the Alternative to Dismiss the Case of Movant, MidFirst Bank through Shapiro Kreisman & Associates, LLC, this court being fully advised:

IT IS ORDERED:

1. Debtors shall cure the post-petition default through February 28, 2020 and reimburse attorneys' fees and costs for the motion by payment as follows:

| | | |
|---|---|---|
| A. | On or before February 25, 2020 | $3,760.54 |
| B. | On or before March 15, 2020 | $626.76 |
| C. | On or before April 15, 2020 | $626.76 |
| D. | On or before May 15, 2020 | $626.76 |
| E. | On or before June 15, 2020 | $626.76 |
| F. | On or before July 15, 2020 | $626.76 |
| G. | On or before August 15, 2020 | $626.74 |

\*\* That all payments made pursuant to this Order shall be applied first to reimburse MidFirst Bank for attorneys' fees of $850.00 and costs of $181.00 incurred in connection with this motion, a related motion or a related objection to confirmation. All further payments will be applied in the manner prescribed by the subject note and mortgage.

The post-petition default consists of mortgage payments in the amount of $2,163.36 for the months of December 2019 through February 2020 plus fees and costs as stated above for a total default of $7,521.08. Debtors tendered $3,760.54 prior to entry of this order leaving a remaining default of $3,760.54. Regular post-petition mortgage payments resume March 2020.

If Debtors fail to comply with the payment schedule above, then the provisions of paragraph 3, shall apply. These payments are to be made in addition to any other payments required under the Debtors' plan.

1

2. Until such time as the payments set forth in paragraph 1 are paid in full, if Debtors fail to pay the post-petition mortgage payment such that two payments are due and unpaid, then the provisions of paragraph 3 shall apply.

3. If Debtors fail to comply with the terms of paragraphs 1 or 2 then the Stay shall be modified, without further order of court, so as to allow Movant to proceed with foreclosure, eviction, or any other action to preserve and enforce its rights with regard to the property commonly known as 2808 Owl Ln, Rolling Meadows, IL 60008, PROVIDED that written notice of default is served on the Debtors, Debtors' Attorney, and the Chapter 13 Trustee. The Stay shall be modified upon the issuance of the notice of default unless paragraph 4 allows for cure in which case the Stay is modified upon the expiration of the cure term if Debtors fail to cure.

4. If a notice of default is issued the Stay shall not be modified pursuant to paragraph 3 if Debtors cure by payment of the amount specified in the notice of default, which may include attorneys' fees not to exceed $100.00 incurred for the issuance of the notice of default, within 15 days of the mailing of the notice of default. In order to cure, funds must be paid in the form of certified check, money order or cashier's check payable to MidFirst Bank or current servicer and tendered at the offices of Shapiro Kreisman & Associates, LLC at the address below. The 15 day period may be used as a grace period in which to cure defaults.

5. This order shall terminate upon the Debtors' payment of all sums due and owing pursuant to the provisions of this Order.

Dated: 3/10/2020

Entered: _____
Bankruptcy Judge

Mike Kalkowski ARDC #6185654
Richard B. Aronow ARDC# 03123969
Michael N. Burke ARDC#6291435
Shapiro Kreisman & Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
19-092594

**The firm of Shapiro Kreisman & Associates, LLC is a debt collector. This is an attempt to collect a debt. Any information may be used for that purpose. If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**